UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SYLVIA L. CHRISTIAN, | CASE NO. 2:09-cv-00161-JCM-RJJ |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA PUBLIC WORKS BOARD, TAMI KELLY, WAYNE SCHREINER, EVAN DALE, GUSTAVO NUNEZ, | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (#20), filed on March 19, 2009. Plaintiff Sylvia Christian opposed the motion (#23) on April 3, 2009, and Defendants filed their reply (#24) on April 14, 2009. The Court held a hearing on this matter on May 5, 2009. Counsel appeared for Defendants. Plaintiff was not present.

I.

## STANDARD FOR DISMISSAL

On a motion to dismiss for failure to state a claim, the court must take all factual allegations in the complaint as true. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The court must also draw all reasonable inferences in favor of the non-moving party. *Id.*

1

However, dismissal is proper if it appears beyond a doubt that the plaintiff can prove no set of facts entitling her to relief. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007).

## II.

## BACKGROUND

Plaintiff Sylvia Christian, pro se, filed this employment discrimination action against the Nevada State Public Work Board (SPWB), and four individual defendants: Tami Kelly, Wayne Schreiner, Evan Dale, and Gustavo Nunez. *See* Complaint (#3). Ms. Kelly was Plaintiff's direct supervisor. *Id.* at 2. Mr. Schreiner is the supervisor of SPWB's Las Vegas office where Plaintiff was employed. *Id.* Mr. Dale is the Deputy Manager of Administrative Services. *Id.* Mr. Nunez is the Manager of SPWB. *Id.*

For purposes of deciding this motion, the Court takes the allegations of the Complaint as true. Plaintiff alleges that after she informed her supervisor, Tami Kelly, that she was pregnant, Ms. Kelly created a hostile work environment. *Id.* at 4. Plaintiff complained to Evan Dale about Ms. Kelly's behavior, but Mr. Dale did nothing. *Id.* at 4. About one month after complaining to Mr. Dale, Plaintiff was terminated by Ms. Kelly and Wayne Schreiner. *Id.* at 5. The termination was upheld by Mr. Dale and Mr. Nunez. *Id.* Finally, Plaintiff alleges that Mr. Dale failed to adhere to certain Nevada statutes, regulations, and policies on handling discrimination and harassment complaints. *Id.* at 6.

Plaintiff's Complaint contains three counts. Count I alleges pregnancy discrimination in violation of Title VII and Nevada state law based on hostile work environment and the fact that Plaintiff was terminated from her employment. *Id.* at 1, 4. Count II alleges "wrongful termination," again, in violation of Title VII and Nevada state law, asserting that Plaintiff was terminated about one month after she complained to Mr. Dale about Ms. Kelly's behavior. *Id.* at 1, 5. Count III alleges that Plaintiff's due process rights under the Fourteenth Amendment and Nevada state law were violated by the way Mr. Dale handled her complaint about Ms. Kelly. *Id.* at 1, 6.

Defendants, in their Motion to Dismiss (#20), request that this Court: (1) Dismiss the Title VII and state law claims against the individual defendants; and (2) dismiss Count III, the

due process claim, for failure to state a claim.

III.

## DISCUSSION

A. <u>The Title VII and state law claims fail to state a claim against the individual defendants.</u>

    1.    <u>Title VII</u>

Counts I and II of the Complaint fail to state a claim against the individual defendants because Title VII imposes liability only on employers, not on individual employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir.1993); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982). This is because Title VII only applies to employers with 15 or more employees. 42 U.S.C. § 2000e(b). Although "employer" is defined to include agents of the employer, *id.*, the purpose of this language is merely to incorporate *respondeat superior* liability into the statute. *Miller*, 991 F.2d at 587. Since Title VII exempts small employers, Congress could not have intended to impose liability on individuals. *Id.* Consequently, individual employees, even if they are managers or supervisors, cannot be held personally liable under Title VII. *Id.* at 588.

Plaintiff's Title VII claims in Counts I and II, as against the individual defendants, must therefore be dismissed.

    2.    <u>Nevada state law</u>

"When interpreting state law, federal courts are bound by decisions of the state's highest court. 'In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir.1995) (quoting *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir.1990)).

Chapter 613 of the Nevada Revised Statutes prohibits certain employment practices, including discrimination based on race, color, religion, sex, sexual orientation, age, disability or national origin. *See* NRS 613.310 – 613.435. Like Title VII, Nevada law defines "employer" as a person with 15 or more employees. NRS 613.310(2). Notably, the Nevada law does not

include "agents" of employers in its definition. *Id.*

In *Chavez v. Sievers*, 118 Nev. 288, 293, 43 P.3d 1022, 1025 (2002), the Nevada Supreme Court upheld summary judgment for the defendants on a racial discrimination claim. The court noted that the plaintiff sued the employer itself, as well as two individuals, the president and general manager. *Id.*, 118 Nev. at 291, 43 P.3d at 1024.

On appeal, the plaintiff conceded that because the employer had fewer than 15 employees, he had no claim under either Title VII or NRS 613.330. *Id.*, 118 Nev. at 293, 43 P.3d at 1025. However, the plaintiff urged that the court nevertheless recognize a common law cause of action for tortious discharge for people who are terminated because of their race. *Id.* The Nevada Supreme Court refused to recognize such a cause of action, reasoning that the Legislature, by limiting the application of the statute to employers with 15 or more employees, did not intend for small employers to be subject to liability. *Id.* 118 Nev. at 292-93, 43 P.3d at 1025-26.

Although the court in *Chavez* did not explicitly state that it was also affirming summary judgment to the individual defendants, that appears to be the practical import of its decision. The Nevada Supreme Court's reasoning in *Chavez* closely tracks the Ninth Circuit's reasoning in *Miller*. Furthermore, in contrast to Title VII, Nevada law does not have the additional wrinkle of any reference to agents of the employer. This Court therefore finds that if the Nevada Supreme Court did not already so hold in *Chavez*, it most likely would hold that individual defendants cannot be held liable under NRS 613.330.

Accordingly, Plaintiff's Nevada state law claims in Counts I and II are dismissed as to the individual defendants.

B.    The due process claim fails to state a claim.

Count III of the Complaint alleges that Plaintiff's right to due process was violated because Mr. Dale did not adhere to or did not apply certain Nevada statutes, regulations, and policies when handling Plaintiff's harassment complaint. *See* Complaint (#3) at 6. In her Opposition (#23) to the Motion to Dismiss, Plaintiff argues that the due process claim should not be dismissed because:

4

> [D]efendant's [sic] had direct and undeniable obligations to enforce and comply with State of Nevada Public Policy, Sexual Discrimination Policy, and applicable Nevada Revised Statutes and Nevada Administrative Codes, as well as, the 11th and 14th Amendments to the United States Constitution.

Opposition (#23) at 2.

First, the due process claim, brought pursuant to § 1983, fails to state a claim against SPWB, because it is an agency of the state, which is not a "person" who can be sued under § 1983. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

Second, the due process claim fails to state a claim against the individual defendants because Plaintiff has no constitutionally protected interest in the defendants following the complaint handling procedures. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Property interests are not created by the Constitution; rather, they are created by independent sources that secure certain benefits or support claims of entitlement to those benefits. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). To state a claim for a due process violation, a plaintiff "must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008)(quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993)).

Plaintiff is alleging that defendants failed to follow certain statutes and policies relating to processing of sexual harassment and discrimination complaints. However, this allegation fails to state a due process claim because such rules do not mandate any particular outcome or entitle the Plaintiff to any tangible benefit. *See Clemente v. U.S.*, 766 F.2d 1358, 1365 (9th Cir. 1985) (in *Bivens* action, plaintiff had no property interest in Air Force following its rules on

////
////
////
////

investigating discrimination complaints); *Crenshaw v. Baynerd*, 180 F.3d 866, 869 (7th Cir. 1999) (no constitutionally protected interest created by expectation that civil rights commission will follow statutory mandate to investigate all discrimination complaints).

The due process claim therefore must be dismissed.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (#20) is GRANTED.

DATED:  May 18, 2009.

                                                                        *James C. Mahan*
                                                                        UNITED STATES DISTRICT JUDGE

Submitted by:

CATHERINE CORTEZ MASTO
Attorney General

By: _____
KERRY A. BENSON
Nevada State Bar No. 9970
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1114
Attorneys for Defendant
PUBLIC WORKS BOARD